The opinion of the Court was delivered by
O’Neall, J.
In this case, I propose to examine in a very summary way, such of the grounds as present any legal question. On the first ground it may be remarked, that a majority of the Court think that the admission of proof of the appellants’ good character does not come within the exception pointed out in Dawkins vs. Gault, 5 Rich. 151. But as in Smets vs. Plunkett, 1 Strob. 372, we all agree that it would not have had any effect on the verdict, and, in this point of view, it would be extreme fastidiousness to order a new trial for such an error.
The second ground of appeal presents no difficulty. For the appellants had the right to make any grounds which they pleased, to test the decision of the Ordinary. When such grounds were filed with the Ordinary, and the suggestion to the Court of Common Pleas, corresponding therewith, presented to the appellees the issues, in fact, on the same, and they pleaded, thereto, I do not perceive how it can be disputed, that according to the Act of 1839, the case should be tried anew. That is, as I understand, it is tried as a new ease.
But in point of fact, the Ordinary did decide on the very question now made the subject of dispute. For he had to decide before he could give effect to the paper called a revocation, that the testator was of sane mind; and it is perfectly *104 immaterial, therefore, even if the case now was a strict appeal from his decision, whether the appellants made, on the hearing before him, that as a distinct objection or not.
The fourth ground when explained, as it is by the report, requires very little comment here. Beyond all doubt, a will, or a writing revoking a will, cannot be legally revoked by parol proof. But that was not the purpose for which the evidence was given. It was offered, and received, to show that the revocation was not the free, voluntary, understood act of the testator. When so understood, there can be no room to dispute the competency of the proof.
The 3d, 5th, 6th, 7th, 8th, 9th, 10th, 11th, 12th, 18th, 14th 15th, 17th, 20th, and 21st grounds require nothing further to be said of them, than that they are exceptions to the Judge’s remarks on the facts, as he submitted them to the jury, and were either mistakes of the counsel who drew them, or were so separated from the context of the charge as to give them an improper impression. When explained, as they are by the report, they require no further vindication.
The 16 th ground claims a right, which, when properly presented, would never be denied. If the attorney for the appellees, who made this claim on the circuit, had, before the charge commenced, asked for specific instructions on particular points of law, then, if they had not been given, and there were any such legal questions properly to be decided, and the appellees suffered any injury from the instructions not being given, it would be a ground for a new trial. But after a Judge has passed over the entire case, and the jury are in the act of retiring, I am far from believing that an attorney, who may not like the remarks of the Judge upon the faets, has the right to ask for further instructions. It is worthy of remark here, that this case goes even beyond that. For the jury had not only been fully instructed, but had been permitted, before retiring t<3 their room, to leave the court room; it was on their return, that these additional instructions on mere differ *105 ence of views as to facts were asked. It was, as the Judge supposed, then too late to ask for any suck thing. This was, however, an appeal to the discretion of the Judge below; that it was exercised properly this Court does not doubt.
The 18th ground is a strange mistake as to law. Two living witnesses hear the same words uttered by a man: one is called and sworn, and the party chooses to rest on that, and not call the other; there can be do doubt that there is no question about the competency of the testimony thus given. If the words were uttered to the one not sworn, it does not affect legally the testimony of the other. It may be a matter affecting the credit which the jury may give to the proof. But between the witnesses there is no such distinction as “ the lest and next lest.”
On the 19th ground, I have only to say, that there must be some strange misunderstanding of the issues before the Ordinary and this Court, on the part of the learned counsel for the appeal to this Court. The revocation was as much propounded for probate to the Ordinary, as the will. It is true, it was'set up to defeat the will: but to have that effect, it was necessary it should be proved, and allowed. It was accordingly both proved to the satisfaction of the Ordinary, and also allowed by him. The appeal from his decision made it a part of the issue before the Court. It was, therefore, in every respect, proper that the jury, in establishing the will, should find against the revocation. We are therefore of opinion that the verdict required no amendment.
The motion is dismissed.
Wardlaw, Whitner, Glover, and Munro, JJ., concurred.
Withers, J., absent from sickness in his family.

Motion dismissed.